EJECTMENT. One of the defences set up in this case, was the previous award of arbitrators selected by the parties in reference to the same matter, and the judgment of the court thereupon. A previous action had been instituted on the demise of the present plaintiff, against the same defendants, and referred to Lea Pusey, John Reynolds and Joseph Bailey, who made their award, showing that the title to the premises in question was there in issue, and finding that the legal title to the same is in defendant's. The question now was whether the award was conclusive. *Page 31 
 J. A. Bayard for plaintiff. Awards in this state are universally considered as of the same efficacy as verdicts. The decisions of our Court of Appeals; our acts of assembly so regard them. But a verdict in ejectment is not conclusive: no more is an award. On what principle can it be that the decision of three men, without the aid of a court instructing them on points of law, shall be conclusive on the parties, when the finding of twelve men under the direction of a court would not be conclusive? Title to real property cannot be transferred by award. 15 East. Is it to bar by way of estoppel? How was the submission? In a possessory action, where the question was whether the defendants were guilty of a certain trespass and ejectment, and which suit is referred, the referees go beyond the matter submitted to them, and undertake to settle the title. This can be no estoppel. The finding was beyond the authority and void, whether before or after affirmance.
R. H. Bayard contra, contended that the award was conclusive, by way of estoppel. 3 East 15, lessee of Morris vs.Rosser; 15 Johns. Rep. 197, Selleck vs. Adams;
4 Dallas 120, Calhoun's lessee vs. Dunning; 11Johnson 418; Jackson ex. dem. vs. Decker; 2Starkie Tit. Award. Was it within the submission? The action was ejectment: the appropriate action for trying titles to real property. All matters in controversy were referred, and of course the title, which was the very matter in dispute.
Wales, in reply, contended for a distinction as to the effect of awards involving titles to real property, and awards as to personal property. The nicety of questions of law, the importance of their general results, should make the settlement of titles by award more open to revision and correction than the decision of questions relating merely to the personalty. There is also a sensible distinction between awards founded on submission by deed, where the parties agree to be finally bound by the decision of the arbitrators; and awards on reference of a cause in court, which is merely the substitution of three men for twelve, and should have no greater effect. Digest 112. The cases cited on the other side are those of the first class; awards on arbitration bonds. Cites a decision in the late High Court of Errors and Appeals (Thompson vs.McIntyre,) Chancellor Ridgely presiding, that an award in ejectment was not final.
The Court said they would like to see that case, as the inclination of their minds was the other way. Many of the authorities treat the award as conclusive, by way of estoppel. At present we merely say to the jury that as a decision of the "arbitrators, judges of the parties own choosing, it is very strong persuasive evidence for the defendants. *Page 32 
There was much else in the ease by way of defence on the merits, and the defendants finally had a verdict.